For full opinion see 2 OO 135; 194 NE 612; 48 Oh Ap 564..

## COMMUNITY TRACTION CO v KOHNKE

Ohio Appeals, 6th Dist, Lucas Co

No 3016.   Decided Feb 4, 1935

Tracy, Chapman & Welles, Toledo, and Frank A. Harrington, Toledo, for plaintiff in error.

Charles H. Brady, Toledo, and Francis J. Gallagher, Toledo, for defendant in error.

## OPINION

By OVERMYER, J.

It has been held by the courts of Ohio that an oral application for compensation made by an employe 'to a self-insurer, is sufficient under the statute, and that whether an "understandable oral application with self-insurer for compensation was made within two years" is a queston for the jury.

State ex Bettman, Atty. Gen. v Clow, 36 Oh Ap, 136; (8 Abs 461).

Tyler Co. v Rebic, 27 Oh Ap, 314; affirmed 118 Oh St, 522.

We have read the record and are clearly of the opinion that the facts and circumstances shown by the evidence in this case on the question of an oral application to the company were such as to require the submission of that question to the jury.

The claimed error in receiving the testimony of Dr. Denman on the trial below, over the objection of the defendant, the traction company, presents a serious question. Dr. Ira O. Denman, a witness for the claimant, was an eye, ear, nose and throat specialist of nearly thirty years' experience. His testimony, given on the rehearing before the Industrial Commission, was favorable to the plaintiff and, because of his standing in the profession and his wide experience, it became very ·important

evidence in the case. At this hearing before the Commission, Dr. Denman testified only in chief, and the record discloses the following proceedings. Dr. Denman was the first witness offered by claimant, and testified without objection so far as the record discloses. At the conclusion of his testimony in chief, the record shows the following:

"Let the record show at this time that the employer requests permission to examine the Doctor at a subsequent hearing upon cross-examination and that the attorney for claimant be given privilege of re-direct examination." (Apparently dictated by referee).

Thereupon the claimant and other witnesses gave their testimony. At the conclusion of that hearing the following appears in the record, just before the certificate of the referee:

"Mr. Finkheimer (counsel for employer) proceeding with this case at the time set for hearing, despite the fact that he had not received notice, and requests that he be given opportunity to cross-examine the claimant's witnesses at the time of the continuance, and to introduce direct testimony by way of defense. The testimony as of this date should be transcribed and forwarded to both parties previous to time of continuance."

This hearing was had on August 22, 1933. The hearing was concluded on December 5, 1933, a date fixed by the referee, and the record discloses that the first thing offered was a motion by counsel for the employer to strike the direct examination of Dr. Denman from the record for the reason that the doctor had died since the former hearing and that the employer, therefore, had no opportunity to cross-examine him. The doctor's death, as claimed, ·was conceded. After some discussion between counsel and the referee, the following appears:

"Referee—At this time I will grant the motion to strike the Doctor's testimony for the reason that the counsel for employer at the time of the original hearing went **forward with the case conditioned upon his being privileged to strike the testimony or to introduce cross-examination at a subsequent continuance.**" (Black face ours).

Upon trial of the case on appeal in Common Pleas Court, the direct examination of

Dr. Denman, given on the hearing of August 22, 1933 was, over the objection of the company, received in evidence and read to the jury. The jury may well have attached great weight to the testimony of Dr. Denman, and we are of opinion that his testimony should not have been received, because there had been no opportunity for cross-examination. The referee specifically stated that the employer had had no notice of the first hearing but went forward with the express stipulation and condiion that he would later have an opportunity to cross-examine the Doctor, or his direct testimony would be stricken. Death of the witness prevented an opportunity for cross-examination, and therefore the employer was, under the very conditions of the continuance, entitled to have the direct testimony stricken. The date of a hearing is fixed by the Commission or its referee and the date to which this hearing was continued was a matter over which the employer had no control. The referee did strike the Doctor's testimony, proper exceptions were saved by counsel for the company, and its admission in the Common Pleas Court constitutes prejudicial error.

"To make the testimony of a witness admissible, opportunity for cross-examination must be given the adverse party. Where such party was, without any fault on his part, deprived of such right, as by the death of the witness after his examination in chief and before cross-examination was had, Held that the evidence was properly excluded."
Sperry v Moore, 42 Mich., 353.

"The benefit of cross-examination is an essential condition to the reception of direct testimony."
Heath v Waters, 40 Mich., 457, 471.

"The doctrine as laid down is that in order to render the testimony taken admissible, it must appear that the party against whom it is to be used, or those in privity, had opportunity to cross-examine."
Bullers N.P., 239, 242.
1 Starkie's Ev., 61, 62, 409, 34.
Best's Ev. (Wood's Ed.), p. 496.
1 Greenl. Ev., p. 165.
1 Whar. Ev., p. 177.
See also Korble v Lyons, 169 NW, 117, 119.

We have, as heretofore stated, carefully read the record in this case, and we are of the opinion that the verdict and judgment are manifestly against the weight of the evidence on the question of a causal connection between the alleged injury by a speck or cinder in the eye on September 20, 1929, and the subsequent condition of the eyes as shown by the medical testimony.

For the errors above referred to the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.

RICHARDS and LLOYD, JJ, concur.